**DENY; and Opinion Filed May 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00294-CV

### IN RE MICHEAL GEROD MCGREGOR, Relator

**Original Proceeding from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F99-22740-I**

## MEMORANDUM OPINION

Before Justices Bridges, Osborne, and Carlyle
Opinion by Justice Osborne

In this original proceeding, relator complains that the trial court has not held a hearing to determine whether a 1999 indictment and a 2001 indictment arose from the same offense and has failed to expunge the 1999 indictment. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, relator has not filed an appendix or mandamus record. The petition is insufficient to establish that a petition for expunction or any motion regarding the 1999 and 2001 indictments was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

190294F.P05